## THE PFAUDLER BARM EXTRACTING BUNGING APPARATUS COMPANY, RESPONDENT, *v.* JAMES SARGENT AND OTHERS, APPELLANTS.

*Costs — the fee for a copy of the stenographer's minutes cannot be taxed — an appeal from a judgment is a waiver of a right to move for a retaxation of costs.*

The fees of a stenographer for a copy of his minutes are not a taxable item of disbursement, even when procured for the purpose of enabling a party to propose amendments to a case.

An appeal from a judgment, entered upon an order of the General Term affirming a judgment of the court below, is a waiver of the right to move for a retaxation of the costs.

*Guckenheimer* v. *Angevine* (16 Hun, 453) followed.

APPEAL from an order of the Monroe Special Term, denying defendants' motion for a retaxation of costs.

*J. & I. Van Voorhis*, for the appellants.

*Theodore Bacon*, for the respondent.

HAIGHT, J.:

After the trial of this action, the plaintiff procured a copy of the stenographer's minutes, and paid his fees therefor, amounting to thirty-nine dollars and forty-five cents, which sum the clerk taxed as costs in the original judgment. This taxation was approved by the Special Term, but, upon appeal to the General Term, the item was disallowed. (39 Hun, 192.) An appeal was also taken to the General Term from the judgment, which was affirmed. On entering the judgment of the General Term, plaintiff again presented to the clerk the item for stenographer's fees, with an affidavit to the effect that the minutes were necessary in order to enable him to propose amendments to the case. The clerk again taxed this item, and on motion at the Special Term for retaxation, such act was approved and the defendant again appeals to this court.

There is no question in our minds but that the item was improperly taxed by the clerk. There is no pretense that the plaintiff did, or that it was necessary for it to procure two copies of the stenographer's minutes. The copy that was procured, as we have seen, was procured before the taxing of the costs upon

the entry of the original judgment. The question as to whether or not that item was properly taxable has been once determined in this court, and the question is consequently *res adjudicata*. If there was any purpose for which the stenographer's minutes were necessary when procured, it was the duty of the plaintiff to have shown it upon that hearing.

Again, the fees of the stenographer for a copy of his minutes are not a taxable item of disbursement, even for the purpose of enabling a party to propose amendments to a case. A party upon trial has the right to take minutes, or to procure others to take minutes for him, but his own services in taking the minutes, or the services of the person procured by him to take them, could not be taxed as disbursements under the Code. If a party sees fit to rely upon the stenographer for the minutes of the trial, he may do so ; but the amount paid him therefor is not a taxable item of disbursement, any more than the amount which he had paid a clerk to keep the minutes would be. (*Hamilton* v. *Butler*, 30 How., 36 ; *Spring* v. *Day*, 44 How., 390 ; *Colton* v. *Simmons*, 14 Hun, 75 ; *Provost* v. *Farrell*, 13 Hun, 303–306.) The case of *Sebley* v. *Nichols* (32 How., 182) has not been followed or approved.

But there is a doubt in reference to our power now to grant relief. It appears that the defendant appealed from the judgment entered upon the decision of the General Term, to the Court of Appeals, on the 13th day of May, 1886 ; that the return upon appeal was filed with the clerk of the Court of Appeals, May 15, 1886 ; that the appeal was noticed for argument by both the appellant and respondent · that on the 22d day of May, 1886, the motion papers herein were served for a retaxation of costs. In the case of *Guckenheimer* v. *Angevine* (16 Hun, 453), it was held in this court that an appeal from the judgment was a waiver of the right to move for a retaxation. This decision does not appear to have been reversed or questioned, and we now fail to discover any reason why it should not be followed. For this reason, the order appealed from is affirmed, but without costs of this appeal to either party.

BRADLEY ANGLE and CHILDS, JJ., concurred.

Order affirmed, without costs of this appeal to either party.